IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS ARMOUR, # M06329,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00983-MJR |
| ) | |
| **WARDEN HARRINGTON,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Demetrius Armour, an inmate in Menard Correctional Center, has filed a Petition for Writ of Mandamus pursuant to 735 ILCS 5/14-101 (Doc. 1; *see also* Doc. 2 motion for leave to file petition). He seeks an order directing the Warden Harrington to respond to his March 28, 2013 grievance regarding an assault. Armour indicates that failure to respond to his grievance denies him due process and access to the courts, in that he cannot bring an action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 until he exhausts available administrative remedies. *See* 42 U.S.C. 1997e(a).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

After fully considering the allegations in the petition and accepting them as true, the Court concludes that this action is subject to summary dismissal for want of federal jurisdiction.

**Writ of Mandamus**

The writ of mandamus has been abolished. *See* Fed.R.Civ.P 81(b). Further, while there are two federal statutes that a party may invoke to obtain a writ of mandamus (28 U.S.C. § 1361 and 28 U.S.C. § 1651), federal courts have no authority to grant mandamus relief against state officials, which is what Plaintiff seeks in this action. *See* 28 U.S.C. § 1361 (limiting federal mandamus jurisdiction to actions against "an officer or employee of the United States or any agency thereof"); 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in *aid* of *their* respective jurisdictions and agreeable to the usages and principles of law" (emphasis added)). *See also United States v. Illinois Bell Telephone Co.,* 531 F.2d 809, 814 (7th Cir. 1976) (unlike Section 1361, Section 1651 is only a mechanism by which the Court asserts its jurisdiction, it is not a source of jurisdiction. Neither statute gives this Court jurisdiction to order Defendants to issue a ruling on Plaintiff's grievances. Whether or not Plaintiff may be entitled to relief if he were to file his action in an Illinois state court is beyond the scope of this Order.

**Section 1983**

At the risk of offering an advisory opinion, the Court observes that, had Petitioner filed his claim as a federal civil rights action under 28 U.S.C. § 1983, he would have failed to state a claim for any constitutional violation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81

F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Furthermore, failure to respond to a grievance may prevent the exhaustion of administrative grievance process, but it does not, by itself, block an inmate's access to the courts in violation of the First Amendment.  Section 1997e(a) requires inmates to exhaust only those remedies that are "available," and when prison administrators indefinitely delay acting on a grievance they have made the administrative process "unavailable," which does not bar suit.  *See Hurst v. Hantke,* 634 F.3d 409, 411 (7th Cir. 2011); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  Therefore, the Court merely construe the petition as a Section 1983 complaint.

This federal mandamus action shall therefore be dismissed with prejudice.

**Pending Motions**

Armour's motion for leave to file his mandamus petition (Doc. 2) and his motion for appointment of counsel (Doc. 4) will both be denied as moot.

Armour has also filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3), which will be addressed by separate order.  However, the Court observes that Armour's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $4000.00 ($350.00 if granted pauper status) remains due and payable.  *See*  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, this action is **DISMISSED with prejudice** for lack of federal jurisdiction.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011).   The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS FURTHER ORDERED** that Armour's motion for leave to file his mandamus petition (Doc. 2) and his motion for appointment of counsel (Doc. 4) are **DENIED AS MOOT**.  His motion for leave to proceed as a pauper (Doc. 3) will be decided by separate order.

**IT IS SO ORDERED.**

DATED:  October 22, 2013

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**