IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ARMOUR, # M06329, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-cv-00983-MJR |
| WARDEN HARRINGTON, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On September 24, 2013, an official at Menard Correctional Center electronically filed a Petition for Writ of Mandamus pursuant to 735 ILCS 5/14-101 (Doc. 1) and related preliminary motions (Docs. 2-4) on behalf of inmate Demetrius Armour. On preliminary review, the petition was dismissed with prejudice for lack of federal jurisdiction; various preliminary motions were denied as moot (Doc. 8); and Armour was ordered to pay the $400 filing fee (Doc. 11). Judgment was entered accordingly (Doc. 9).

Armour is now before the Court pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from judgment (Doc. 12). He explains that the petition and motions were erroneously filed in federal court, rather than in state court. He attaches what purports to be a letter from the responsible prison official, stating that the documents were mistakenly filed in federal court. The letter is not signed, but it does bear the official scan stamp from the prison official involved. Armour also notes that the original documents did reference Randolph County in the captions, although the "Southern Circuit" is also in the caption.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ARMOUR, # M06329, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-cv-00983-MJR |
| WARDEN HARRINGTON, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On September 24, 2013, an official at Menard Correctional Center electronically filed a Petition for Writ of Mandamus pursuant to 735 ILCS 5/14-101 (Doc. 1) and related preliminary motions (Docs. 2-4) on behalf of inmate Demetrius Armour. On preliminary review, the petition was dismissed with prejudice for lack of federal jurisdiction; various preliminary motions were denied as moot (Doc. 8); and Armour was ordered to pay the $400 filing fee (Doc. 11). Judgment was entered accordingly (Doc. 9).

Armour is now before the Court pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from judgment (Doc. 12). He explains that the petition and motions were erroneously filed in federal court, rather than in state court. He attaches what purports to be a letter from the responsible prison official, stating that the documents were mistakenly filed in federal court. The letter is not signed, but it does bear the official scan stamp from the prison official involved. Armour also notes that the original documents did reference Randolph County in the captions, although the "Southern Circuit" is also in the caption.

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion; a judgment that is void or has been discharged; or for any other reason that justifies relief. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court."); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence, especially where the FRCP 60(b) motion is filed after the time for appeal has expired").

Armour is entitled to relief pursuant to Rule 60(b)(1), due to the mistake and inadvertence. Therefore, the Court's Order dated October 22, 2013, dismissing the action (Doc. 8), the judgment (Doc. 9) and the Order directing payment of the $400 filing fee (Doc. 11) shall all be vacated. Pursuant to Federal Rule of Civil Procedure 41(a)(2), this action shall be dismissed without prejudice and the case will be administratively closed.

A review of the record reveals that the $400 filing fee has been received (Doc. 11/13/2013). Therefore, the Clerk of Court shall refund $400 to Armour's prison trust fund account.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff Armour's motion for relief from judgment (Doc. 12) is **GRANTED** in all respects. Accordingly, the Court's Order dated October 22, 2013, dismissing the action (Doc. 8), the judgment (Doc. 9) and the Order directing payment of the $400 filing fee (Doc. 11) are **VACATED**. Pursuant to Federal Rule of Civil Procedure 41(a)(2), this action is **DISMISSED** without prejudice. The Clerk of Court shall **CLOSE THIS CASE**; no judgment is required.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **REFUND** four hundred dollars ($400) to Armour's prison trust fund account.

**IT IS SO ORDERED.**

DATED: December 2, 2013

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**